# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA THOMPSON, et al. | 2:05-CV-145-BES-GWF |
| Plaintiffs, | |
| v. | **ORDER** |
| MOUNTAIN PEAK ASSOCIATES, LLC, et al. | |
| Defendants. | |

Currently before this Court is Plaintiffs' Motion to Consolidate Related Cases (#21), which was filed on September 28, 2005.[1] Defendant Homecraft Development, Inc. filed an Opposition (#22) on October 7, 2005, and Defendant John David Burke filed an Opposition (#24) on October 12, 2005. Plaintiffs did not file a Reply.

Federal Rule of Civil Procedure 42(a) provides the following:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

[1] Plaintiffs filed identical Motions to Consolidate in two other actions that are currently pending before this Court, Tamara Thompson v. Rancho Del Norte Villas, 3:05-cv-156-ECR-PAL, and Tamara Thompson v. Brittnae Pines Apartments, 2:05-cv-155-BES-RJJ. The Court denied Plaintiffs' Motions in both of those cases.

1

This Rule permits consolidation of separate actions presenting a common issue of law or fact as a matter of convenience and economy in judicial administration. See e.g., Devlin v. Transp. Communications Int'l Union, 175 F.3d 121, 130 (2d Cir.1999); Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir.1994). The fact that a common question is present, however, does not guarantee consolidation. In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J.1998). The district court has broad discretion to decide whether consolidation is desirable. See e.g., Enter. Bank, 21 F.3d at 235; In re Consol. Parlodel Litig., 182 F.R.D. at 444. In determining whether consolidation is appropriate, a court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." Bank of Montreal v. Eagle Assoc., 117 F.R.D. 530, 532 (S.D.N.Y.1987) (citing Katz v. Realty Equities Corp., 521 F.2d 1354, 1362 (2d Cir.1975)). Factors such as differing trial dates or stages of discovery usually weigh against consolidation. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (1995). Furthermore, "the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." Dupont v. S. Pac. Co., 366 F.2d 193, 196 (5th Cir.1966). Conversely, "the risk of inconsistent adjudications of common factual and legal issues" generally weighs in favor of consolidation. Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 350 (2d Cir.1993) (citations omitted). Ultimately, however, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.1990).

Applying the aforementioned consolidation standard, the Court finds that the judicial resources potentially saved by granting Plaintiffs' Motion to Consolidate (#21) do not outweigh the prejudice and confusion that could be created. Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Consolidate (#21) is denied.

DATED: This 5th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE