**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMARA THOMPSON, et al. | 2:05-CV-145-BES-GWF |
| Plaintiffs, | |
| v. | **ORDER** |
| MOUNTAIN PEAK ASSOCIATES, LLC, et al. | |
| Defendants. | |

Currently before this Court is Defendant John David Burke's Motion to Dismiss (#25), which was filed on October 12, 2005. Plaintiffs filed their Response (#26) on October 27, 2005. Defendant did not file a Reply.

**I. BACKGROUND**

On February 4, 2005, Plaintiffs initiated this action by filing their Complaint (#1). In this Complaint (#1), Plaintiffs alleged that Defendants, in the construction and design of the Sunrise Bay Condominium Development ("Sunrise Bay"), violated the Fair Housing Act ("FHA"). Specifically, Plaintiffs alleged that Plaintiff Tamara Thompson visited Sunrise Bay on October 12, 2004 and encountered discriminatory conditions, including many units having no accessible building entrance on an accessible route. Plaintiffs also contend that the interior of Sunrise Bay may also contain discriminatory conditions.

1

As a result of these discriminatory conditions, Plaintiffs claim that Plaintiff Thompson has sustained injuries, including, inter alia, mental anguish, humiliation, embarrassment, constraint of housing opportunities, and constraint of her ability to visit other Las Vegas residents. Plaintiffs claim that these injuries are ongoing and will continue until the discriminatory conditions are remedied.

## II. ANALYSIS

Defendant moves to dismiss Plaintiffs' Complaint (#1) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it was filed outside of the applicable statute of limitations. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Although its review is generally limited to the contents of the complaint, the Court may consider documents attached to the complaint, documents referenced extensively in the complaint, documents that form the basis of a plaintiff's claim, and matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 908–09 (9th Cir. 2003). Accordingly, the Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). Finally, "[d]ismissal on statue of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" TwoRivers v. Lewis, 174 F.3d 987, 991 (9 Cir. 1999) (quoting Vaughn v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991)).

Applying this standard, the Court now considers whether dismissal is warranted on statute of limitations grounds. The applicable statute of limitations for private actions under the FHA provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice . . . ." 42 U.S.C. § 3613(a)(1)(A) (2005).

Defendant argues that this statute required Plaintiffs to commence this action within 2 years after the construction of Sunrise Bay was completed. In response, Plaintiffs argue that the discriminatory design and construction of Sunrise Bay resulted in existing, FHA non-compliant buildings that constitute continuing violations of the FHA.[1] Additionally, Plaintiffs argue that 42 U.S.C. § 3613(a)(1)(A) is a statute of limitations, not a statute of repose, and that it is not triggered until a plaintiff discovers the discriminatory condition. Although the Ninth Circuit has not considered these issues in the FHA context, this Court recently rejected Plaintiffs' arguments in analogous cases. See Silver State Fair Housing Council v. ERGS, Inc., 3:02-cv-615-LRH-VPC, Order (#72) (D. Nev. March 5, 2004); Tamara Thompson v. Rancho Del Norte Villas, Inc., 2:05-cv-156-ECR-PAL, Order (#28) (D. Nev. October 14, 2005). This Court agrees with those decisions and finds that Plaintiffs have failed to commence this action within the applicable limitations period under 42 U.S.C. § 3613(a)(1)(A).

**A. Continuing Violation**

In Havens Realty Corp. v. Coleman, 455 U.S. 363 (9th Cir. 1982), the Supreme Court recognized that the continuing violation doctrine applied to claims brought under the FHA. Id. at 380–81. Under this doctrine, "a plaintiff's complaint will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame. As a consequence, the statute of limitations only begins to run . . . upon the last act in a series of related wrongful acts." Moseke v. Miller & Smith, Inc., 202 F. Supp.2d 492, 500 n. 10 (E.D. Va. 2002). Thus, the relevant inquiry is when the last discriminatory act occurred. See id. at 507; Silver State

---

[1] In their Opposition (#26), Plaintiffs note that they raised nearly identical arguments in opposition to a Motion to Dismiss in Thompson v. Rancho Del Norte Villas, Inc., 2:05-cv-156-ECR-PAL, and that such arguments were rejected by this Court.

Fair Housing Council, Inc. v. ERGS, Inc., 362 F. Supp.2d 1218, 1221 (D. Nev. 2002); Fair Housing Council, Inc. v. Village of Olde St. Andrews, Inc., 250 F. Supp. 2d 706, 718 (W.D. Ky. 2003). In making this inquiry, however, the Court must distinguish a discriminatory act from an effect of a discriminatory act as the latter is insufficient to constitute a continuing violation. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (citing Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)); Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981).

In analogous construction and design cases brought under the FHA, several courts, including this one, have held that the last act of discrimination occurs upon the completion of the design and construction of the non-compliant structure or complex. See Silver State Fair Housing Council v. ERGS, Inc., 3:02-cv-615-LRH-VPC, Order (#72) at 7–8 (D. Nev. March 5, 2004); Tamara Thompson v. Rancho Del Norte Villas, Inc., 2:05-cv-156-ECR-PAL, Order (#28) at 12 (D. Nev. October 14, 2005); Moseke, 202 F. Supp.2d at 507; United States v. Taigen & Sons, Inc., 303 F. Supp.2d 1129, 1141 (D. Idaho 2003). In so holding, these courts found that the existence of a non-compliant building is a continuing effect of a discriminatory act and therefore does not constitute a continuing violation. Moseke, 202 F. Supp.2d at 507 (stating that "a FHA non-compliant building . . . is more akin to a continuing effect rather than a continuing violation . . . ."); Taigen & Sons, 303 F. Supp.2d at 1141 (stating that "the alleged 'failure to design and construct' in compliance with the Fair Housing Act has a continuing *effect* rather than constituting a continuing *violation* of the act."); see also Village of Olde St. Andrews, 250 F. Supp. 2d at 719 (stating that "[t]he mere existence of a non-compliant building . . . is not an act."). The Court finds these cases to be persuasive and holds that the non-compliant buildings at issue in this case constitute continuing effects of past discriminatory acts, not continuing violations of the FHA.

Accordingly, the Court finds that, under the continuing violation doctrine, the last discriminatory act in this case occurred in the year 2000 when the construction of Sunrise Bay

4

was completed.[2] Because this date is more than 2 years before the commencement of this action, Defendant's alleged discriminatory acts did not continue into the limitations period. Therefore, Plaintiffs cannot avail themselves of an extension of the limitations period under the continuing violation doctrine.

Now that the Court has determined that the continuing violation doctrine does not extend the applicable limitations period in this case, the Court must next determine whether the limitations period may be extended under the discovery rule.

**B. The Injury Requirement / Discovery Rule**

The discovery rule provides that under certain circumstances a statute of limitations may extend to when a plaintiff first discovers a defendants' wrongful act. Moseke, 202 F. Supp.2d at 509 (citing United States v. Kubrick, 444 U.S. 111, 113 (1979)). "Applicability of the discovery rule is dependant, in part, on the wording of the relevant statute of limitations." United States v. Hallmark Homes, Inc., No. CV01-432-N-EJL, 2003 U.S. Dist. LEXIS 20814 at *7 (D. Idaho Sept. 29, 2003). Where application of the discovery rule is inconsistent with the plain language of the statute of limitations, the Court must decline such an application. See e.g., TRW, Inc. v. Andrews, 534 U.S. 19, 29 (2001) (refusing to apply the discovery rule where the text and structure of the applicable statute of limitations evinced Congress' intent to preclude judicial implication of such a rule). Several courts, including this one, have found that the application of the discovery rule would be inconsistent with the language of 42 U.S.C. § 3613(a)(1)(A), which "unambiguously states that the 'occurrence' of the discriminatory act will trigger the statute of limitations." Moseke, 202 F. Supp.2d at 509; Silver State Fair Housing Council v. ERGS, Inc., 3:02-cv-615-LRH-VPC, Order (#72) at 9 (D. Nev. March 5, 2004); Tamara Thompson v. Rancho Del Norte Villas, Inc., 2:05-cv-156-ECR-PAL, Order (#28) at 15 (D. Nev. October 14, 2005).

Plaintiffs argue several bases for the proposition that the discovery rule should apply

---

[2] The Court notes, and Defendant concedes, that the statute of limitations applicable to Plaintiff DRAC was tolled during the proceedings before the United States Department of Housing and Urban Development ("HUD"). These proceedings ended on May 14, 2001, giving Plaintiff DRAC until May 14, 2003 to commence this action. Even with this tolling, however, Plaintiff DRAC filed its complaint outside of the applicable limitations period.

despite the plain language of 42 U.S.C. § 3613(a)(1)(A). All of these bases, however, were recently rejected by this Court in Tamara Thompson v. Rancho Del Norte Villas, Inc., 2:05-cv-156-ECR-PAL, Order (#28) at 13–16 (D. Nev. October 14, 2005). The Court likewise declines to apply the discovery rule in this case as such an application would be inconsistent with the plain language of 42 U.S.C. § 3613(a)(1)(A). See supra.

Having rejected both of Plaintiffs' grounds for an extension of the applicable statute of limitations, the Court considers the allegations of the Complaint (#1) and determines that Plaintiffs have not pleaded that Defendant has committed a discriminatory act within two years of the commencement of this action. Defendant's Motion to Dismiss (#25) is therefore granted.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#25) is granted and that Defendant John David Burke is dismissed from this case.

DATED: This 5TH day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE